IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MECHANICAL CONTRACTORS
ASSOCIATION OF AMERICA, INC.,

    *Plaintiff*,

v.

No. 1:20-cv-00759-SB

HILTON FRANCHISE HOLDING, LLC
ET AL.,

    *Defendants*.

---

Timothy M. Holly, CONNOLLY GALLAGHER LLP, Wilmington, Delaware; Edward T. Kang, Susan Moon O, Kyle Garabedian, Tianna K. Kalogerakis, Michael S. Weinert, KANG, HAGGERTY & FETBROYT, Philadelphia, Pennsylvania;

    *Counsel for Plaintiff.*

Jeffrey L. Moyer, Tyler E. Cragg, RICHARDS, LAYTON, & FINGER, P.A., Wilmington, Delaware; John D. Wilburn, MCGUIREWOODS LLP, Tysons, VA; Ryan D. Frei, MCGUIREWOODS LLP, Richmond, Virginia.

    *Counsel for Defendants.*

---

## MEMORANDUM OPINION

December 18, 2020

BIBAS, *Circuit Judge*, sitting by designation:

The pandemic cancelled many plans this year. Mechanical Contractors Association hosts a yearly conference for its members. It booked rooms at the Grand Wailea Resort Hotel & Spa. But days before the conference, Mechanical cancelled because of COVID-19. It asked the Hotel to refund its and its members' deposits. The Hotel refused, spawning this suit and another.

Here, Mechanical brings claims of fraud and unjust enrichment against four Hilton entities. I will dismiss some of those claims and allow others to proceed.

## I. BACKGROUND

First, I introduce our business actors: Mechanical is a Maryland non-profit that runs educational programs, including conferences, for its members. First Am. Compl. ¶1, D.I. 15. The Hotel is part of the Hilton family. *Id.* ¶3. The Hotel uses Defendant Hilton Worldwide's trademarks, rewards program, and booking website. *Id.* ¶¶23, 25. And it is managed by Defendant Waldorf-Astoria, a Hilton company. *Id.* ¶¶15, 22, 29. Defendant Hilton Domestic holds Waldorf-Astoria. *Id.* ¶159. Defendant Hilton Franchise guarantees Hilton Domestic's debt. *Id.* ¶160.

Now, on to the dispute. I take Mechanical's well-pleaded facts as true: Mechanical and the Hotel signed a contract to host a conference. *Id.* ¶¶34, 42. Mechanical and its members put down deposits. *Id.* ¶ 46. Then, the pandemic started. Mechanical cancelled the conference and its members cancelled their reservations at the Hotel. *Id.* ¶¶ 50, 52. Mechanical's contract with the Hotel contained a force majeure clause. *Id.* ¶¶49. That clause let either party cancel due to "acts of God" and "similar cause[s] beyond the control

2

of the parties making it inadvisable, illegal, or impossible to hold the meeting as planned." *Id.* Ex. B § IX(I). Pointing to that clause, Mechanical asked the Hotel to refund the deposits. *Id.* ¶¶51, 56.

The Hotel refused. Its sales director (a Waldorf-Astoria employee) told Mechanical that it could not refund the deposits because it did not "have the cash flow." *Id.* ¶60. Nobody refuted this. *Id.* ¶61. Mechanical "wanted to make sure its individual members' deposits were refunded right away." *Id.* ¶66. So it agreed to lend the Hotel $1 million to refund the deposits. *Id.* ¶63. Yet the Hotel did not use that money to refund the deposits. *Id.* ¶¶71, 77–78. Instead, it kept it "for itself." *Id.*

Out more than $2 million, Mechanical sued the Hotel in Maryland state court. *Id.* Ex. D. Then, it filed this diversity suit against four other Hilton entities. Mechanical brought fraud claims against Waldorf-Astoria and Hilton Worldwide and an aiding-and-abetting-fraud claim against Hilton Worldwide. It also sued each defendant for unjust enrichment. Each defendant has moved to dismiss. I walk through each claim in turn.

## II. MECHANICAL HAS PLAUSIBLY PLED THAT WALDORF-ASTORIA DEFRAUDED IT AND HILTON WORLDWIDE HELPED

First, Mechanical claims that Waldorf-Astoria defrauded it, and Hilton Worldwide helped, by tricking Mechanical into handing over $1 million. Since Mechanical has specifically pled these claims, they survive. Second, Mechanical claims that Hilton Worldwide tricked it and its members with its false brand. That claim fails as a matter of law.

3

The parties dispute whether Delaware, Hawaii, or Maryland law applies to these claims. I need not decide that now because all three states require the same elements for claims of fraud and aiding and abetting fraud. *See Williams v. Stone*, 109 F.3d 890, 893 (3d Cir. 1997); *see also Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 230 (3d Cir. 2007).

**A. Waldorf-Astoria may have tricked Mechanical into handing over money**

To plead a fraud claim, Mechanical must allege four things: One, the defendant made a material misrepresentation of fact. *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992); *Shoppe v. Gucci America, Inc.*, 14 P.3d 1049, 1067 (Haw. 2000); *Thomas v. Nadel*, 48 A.3d 276, 282 n.18 (Md. 2012). Or the defendant made a false promise—a promise that, "at the time [it] was made, the [defendant] had no intention of performing." *Grunstein v. Silva*, No. 3932-VCN, 2009 WL 4698541, at *13 (Del. Ch. Dec. 8, 2009); *accord Joy A. McElroy, M.D., Inc. v. Maryl Grp., Inc.*, 114 P.3d 929, 939 (Haw. Ct. App. 2005); *Sass v. Andrew*, 832 A.2d 247, 264 (Md. Ct. Spec. App. 2003). Two, the defendant knew (or did not care) that it was false. Three, the defendant lied in order to get the plaintiff to do something. Four, the plaintiff reasonably relied on that misrepresentation.

Mechanical claims that Waldorf-Astoria defrauded it. Mechanical must plead this fraud claim "with particularity," though it can allege knowledge and intent "generally." Fed. R. Civ. P. 9(b). It has done that here. Allegedly, on a March 12 conference call, certain Waldorf-Astoria employees lied to Mechanical. First. Am. Compl. ¶¶56–60. They claimed that they did not have enough "cash flow" and promised to use Mechanical's $1,000,000 to refund deposits. *Id.* ¶¶60, 63, 67. But the employees knew, or did not care, that these were lies. *Id.* ¶¶62, 77, 118. They told Mechanical these lies to convince it to hand over

4

money. *Id.* ¶¶70, 118. And Mechanical reasonably relied on their false promise. *Id.* ¶¶63–65, 70. That is enough for a fraud claim under Delaware, Hawaii, or Maryland law.

### B. Hilton Worldwide may have aided and abetted Waldorf-Astoria's trick

To plead aiding and abetting, Mechanical must allege that the defendant knew of someone else's fraud and substantially assisted it. *MKE Holdings Ltd. v. Schwartz*, No. 2013-0729-SG, 2020 WL 467937, at *16 (Del. Ch. Jan. 29, 2020); *Molina v. OneWest Bank, FSH*, 903 F.Supp.2d 1008, 1020–21 (D. Haw. 2012); *Saadeh v. Saadeh*, 819 A.2d 1158, 1171 (Md. Ct. Spec. App. 2003).

Mechanical has properly alleged that here. Waldorf-Astoria allegedly defrauded Mechanical when it tricked Mechanical into lending it $1 million. Hilton Worldwide, as the parent company, "generally" knew of this fraud. Fed. R. Civ. P. 9(b); First Am. Compl. ¶¶135, 137. In fact, it may have substantially aided the fraud. Hilton collects all payments for the Hotel, and it controls refunds. First Am. Compl. ¶¶26, 130, 135–36. So it could have issued refunds. Yet it did not. *Id.* ¶¶79–80, 98–101, 139. That refusal let Waldorf-Astoria keep the $1,000,000 without giving anything in return. Because Mechanical has placed Hilton Worldwide "on notice of the 'precise misconduct with which it is charged,'" this claim survives. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir. 2004)) (brackets omitted).

### C. Mechanical cannot have been defrauded by Hilton's brand

In contrast, Mechanical has not stated a valid fraud claim against Hilton Worldwide. Mechanical claims that Hilton Worldwide tricked Mechanical with its false brand image. Hilton holds itself out as a "first-class brand that values customer service." First Am.

5

Compl. ¶145. Because of that brand, Mechanical and its members chose to book with the Hotel. *Id.* ¶¶148–49. But, Mechanical claims, that brand is a lie. *Id.* ¶¶151. Hilton refused to follow its own COVID-19 refund policy, which promised to refund deposits for individual reservations. *Id.* ¶¶152. That refusal alone means that Hilton's brand "is nothing more than a fraud upon the general public." *Id.* ¶¶106.

Even if true, that is not actionable fraud under Delaware, Hawaii, or Maryland law. Hilton Worldwide has not made a "false representation" about "a past or existing material fact." *Shoppe*, 14 P.3d at 1067. A company's brand or image is not a fact or even a promise. Instead, it is mere "puffing" or "sales talk"—a vague statement that draws consumers to a product. *McGraw v. Loyola Ford, Inc.*, 723 A.2d 502, 582 (Md. Ct. Spec. App. 1999); *accord Lazard Debt Recovery GP, LLC v. Weinstock*, 864 A.2d 955, 971 (Del. Ch. 2004). Because Mechanical has not alleged this basic element, we must dismiss its claim.

### III. MECHANICAL HAS PLAUSIBLY PLED THAT WALDORF-ASTORIA HAS BEEN UNJUSTLY ENRICHED

Mechanical brings four unjust enrichment claims, one against each defendant. The parties dispute whether Hawaii or Maryland law applies to these claims. Under either law, only Mechanical's claim against Waldorf-Astoria survives.

**A. Waldorf-Astoria may have unjustly gotten a benefit**

Mechanical has plausibly pled that Waldorf-Astoria got a benefit from Mechanical and unjustly kept that benefit. *Porter v. Hu*, 169 P.3d 994, 1007 (Haw. Ct. App. 2007); *James B. Nutter & Co. v. Black*, 123 A.3d 535, 549 (Md. Ct. Spec. App. 2015). Mechanical identified a specific amount of money that it gave to the Hotel: $2,181,396.05. First Am.

Compl. ¶ 167. Part of that money then allegedly made its way into Waldorf-Astoria's pockets because Waldorf-Astoria "receives a percentage," about 9%, "of [the Hotel's] gross revenues." *Id.* ¶162; Ex. A. §§ 5.1–5.3, 5.5. Waldorf-Astoria objects that Mechanical does not identify the exact amount of money that it got. Waldorf-Astoria's Mot. to Dismiss 10, D.I. 26. But Mechanical did not have to. "At the pleadings stage, it is often not possible for a plaintiff to recount with specificity to what extent a defendant was enriched by her misconduct. That is what discovery is for." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 312 (3d Cir. 2014).

One final note: Waldorf-Astoria asserts that this claim fails under Hawaii law because Mechanical has other legal remedies, like its fraud claim. Waldorf-Astoria's Mot. to Dismiss 12–13. True, Hawaii courts grant restitution only when there is no "adequate remedy at law." *Porter*, 169 P.3d at 1007. But it is too early to know if Mechanical's fraud claim against Waldorf-Astoria will pan out. I will not apply Hawaii's remedial bar at the pleadings stage. *See Lumford v. Yoshio Ota*, 434 P.3d 1215, 1219–23 (Haw. Ct. App. 2018) (letting unjust enrichment claim proceed without mentioning this remedial bar).

**B. The other defendants did not receive a benefit**

In contrast, Mechanical has not plausibly pled that Hilton Domestic, Franchise, and Worldwide were unjustly enriched. According to Mechanical, Hilton Domestic benefits because Waldorf-Astoria's revenues "flow" up to it. First Am. Compl. ¶¶159, 163. Then, Hilton Domestic's revenues go to Hilton Worldwide. *Id.* ¶ 161. Finally, since Hilton Franchise is the guarantor of Hilton Domestic's debt, it gets some revenues too. *Id.* ¶¶160, 164.

7

To support its allegation that its money leapt from company to company, Mechanical provides only short, "conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It has not alleged enough facts for me "to draw the reasonable inference" that Hilton Domestic, Franchise, and Worldwide actually received Mechanical's money. *Id.* Simply saying that "these revenues flow" to each defendant, without more, does not suffice. First Am. Compl. ¶¶163–64. Perhaps Hilton Domestic, Franchise, and Worldwide did get some attenuated benefit from Mechanical. But Mechanical must give us "more than a sheer possibility." *Iqbal*, 556 U.S. at 678. Thus, I will dismiss these claims without prejudice.

\* \* \* \* \*

Mechanical has stated claims of fraud and unjust enrichment against Waldorf-Astoria and a claim of aiding and abetting fraud against Hilton Worldwide. So this pandemic business dispute lives on. I will dismiss Mechanical's fraud claim against Hilton Worldwide with prejudice and its other unjust enrichment claims without prejudice. Because we are still in the pleadings, it would be premature to rule on damages. *See Gilliken v. Hughes*, 609 F. Supp. 178, 182 (D. Del. 1985). So I will deny Waldorf-Astoria and Hilton Worldwide's request to dismiss Mechanical's prayer for punitive damages.